UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO LAMAR THOMAS,

    Plaintiff,

v.                                    Case No. 3:24-cv-1009-TJC-PDB

CENTURION OF FLORIDA, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. She also moves to proceed in forma pauperis. Doc. 2.

In the Complaint, Plaintiff names three Defendants – Centurion of Florida, Dr. Michael Collins, and Dr. John Doe. Doc. 1 at 2. She alleges that on December 21, 2021, while housed at Dade Correctional Institution (Dade C.I.), another inmate assaulted her, injuring Plaintiff's right thumb. Id. at 7. After the assault, Plaintiff received a medical evaluation, during which she advised medical about her thumb injury. Id. She asserts her thumb was swollen three times its normal size and she could not bend the joint, causing severe pain. Id. Medical at Dade C.I., however, provided no treatment. Id.

Plaintiff asserts that on January 22, 2022, officials transferred her to Florida State Prison, where she soon began submitting sick-call requests for her thumb injury. Id. at 8. According to Plaintiff, Defendant Collins then conducted an exam of Plaintiff's injury and ordered an x-ray of the finger. Id. Following the x-ray, Collins again examined Plaintiff and advised her that the x-ray appeared normal and suggested that her pain might be due to arthritis. Id. Collins advised Plaintiff that there was nothing medical could do for the thumb and provided her with pain medication. Id. Plaintiff asserts that after the x-ray, her injury became worse and "the bone began to protrude, pushing through the skin of the injured thumb" and "splitting the skin, making it very sensitive to the touch," and "leaving a deep cut and visible bruising." Id. Collins again evaluated Plaintiff and advised that "'maybe' the thumb had 'somehow' fused together." Id. Collins then prescribed Plaintiff a seven-day course of steroids, which according to Plaintiff, "did absolutely nothing to better the state of the injured thumb." Id. at 8-9.

According to Plaintiff, after about a year of unsuccessful visits with medical and Collins, who ordered two more x-rays and continued to prescribe pain medication, hand specialist Dr. Thomas Winters evaluated Plaintiff on July 7, 2023. Id. at 9. Dr. Winters ordered another x-ray of Plaintiff's thumb and "immediately informed [ ] Plaintiff that she in fact had suffered a fracture

2

in the first joint of the thumb." Id. But, according to Dr. Winters, "due to the injury not being properly and timely treated, the thumb had set improperly and . . . fused together." Id. Dr. Winters advised that Plaintiff's pain and loss of mobility stemmed from the fusion and ill position of the thumb. Id. Dr. Winters explained that surgery was the only way to fix the bad positioning and resolve Plaintiff's pain but "nothing [could] be done about the los[s] of mobility due to the fusion" as that part of the injury was permanent. Id. Dr. Winters then recommended Plaintiff for thumb surgery. Id.

Plaintiff contends that Defendant Centurion, which was aware of Plaintiff's serious medical need through grievances and sick-call requests, delayed the scheduling of Plaintiff's surgery, causing additional pain and suffering. Id. at 10. She alleges that on July 12, 2024, she finally received surgery, during which damaged bone was removed and a metal pin was inserted into the thumb, leaving the finger permanently damaged and without mobility. Id. 5, 10. Plaintiff also contends that after the surgery, she suffered severe pain and a permanent scar along the length of her thumb. Id.

According to Plaintiff, Defendants' deliberate indifference to her serious medical needs and thumb injury violated her rights under the Eighth Amendment. Id. at 3. As relief, she seeks monetary damages. Id. at 5.

3

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972);

Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Liberally read, Plaintiff's Complaint fails to state a plausible § 1983 claim. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834).

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). When analyzing such a claim, courts should apply the "subjective recklessness standard" as used in criminal law. See Wade v. McDade, 106 F.4th 1251, 1252 (11th Cir. 2024). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff – with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844-45.

Wade, 106 F.4th at 1262.[2]

---

[2] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). The Eleventh Circuit has also noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Even assuming Plaintiff has alleged that her thumb injury amounts to a serious medical need, she has failed to allege that Defendants acted with

subjective recklessness to that injury. Rather, as to Collins, Plaintiff alleges Collins conducted multiple examinations, ordered at least three x-rays, continually provided pain medication, prescribed a seven-day course of steroids, and ultimately referred her to a hand specialist. Plaintiff's disagreement with Collins's course of medical treatment does not amount to an Eighth Amendment violation.

As to Defendant Centurion, where a claim of deliberate medical indifference is brought against a private contractor based on its functional equivalence to a government entity, liability under § 1983 cannot be based on a theory of respondeat superior. Craig v. Floyd Cnty., Ga., 643 F.3d 1306, 1310 (11th Cir. 2011) (citation omitted). Instead, the plaintiff must show that the entity "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." Id. (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Here, Plaintiff does not allege a Centurion custom or policy led to the alleged violation of her constitutional rights. And her conclusory statement that Centurion delayed her surgery, without factual support, fails to state a plausible claim. Thus, Plaintiff's allegations are not enough to maintain a claim against Centurion.

Finally, Plaintiff provides no allegations supporting an Eighth Amendment claim against Defendant John Doe. See generally Doc. 1. And a

review of this Defendant's listed address shows that John Doe may have provided (or failed to provide) medical care to Plaintiff while she was housed at Dade C.I. See id. at 3. Dade C.I. is located in the Southern District of Florida. Under 28 U.S.C. § 1391(b)(2), the proper venue for Plaintiff's claims against Defendant John Doe is the Southern District of Florida because all the apparent events giving rise to Doe's lack of medical care occurred there. Thus, Plaintiff's claims against Defendant Doe are due to be dismissed without prejudice for improper venue. If Plaintiff wishes to pursue any claims against Defendant Doe, she must refile the claims in the Southern District of Florida

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:   Antonio Lamar Thomas, #X76176